**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 07-11344-JAD |
| O.E.M./ERIE, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| ——————————————— | X | |
| | ) | |
| O.E.M./ERIE, INC., by | ) | |
| JAMES A. SCHAFFNER AS PLAN | ) | Adversary No. 08-1127-JAD |
| ADMINISTRATOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Document No. 19 |
| v. | ) | |
| | ) | |
| JOSEPH PASSEROTTI, JOHN O'NEIL, | ) | |
| ELISHA D. CUNNINGHAM, JOSEPH | ) | |
| PASSEROTTI, and SUSAN | ) | |
| PASSEROTTI, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | X | |

Appearances:     Lawrence C. Bolla, Esq., and Nicholas R. Pagliari, Esq., for the Plaintiff
                 Patrick W. Carothers, Esq., for Defendant Elisha D. Cunningham

**ORDER**

**AND NOW** this **3ʳᵈ** day of **June**, **2009**, it appears to the Court that Defendant Elisha D.

Cunningham has filed a Motion To Dismiss Counts VI and VII of the Plaintiffs Complaint ("Motion

To Dismiss") at Doc. # 14. The Motion To Dismiss is substantially similar to the motions to dismiss

filed by Elisha D. Cunningham in ten other adversary actions filed by the Plaintiff. (See Adversary

Nos. 08-1122-JAD, Docket No. 13; 08-1123-JAD, Docket No. 14; 08-1124-JAD, Docket No. 14; 08-

1125-JAD, Docket No. 12; 08-1126-JAD, Docket No. 14; 08-1129-JAD, Docket No. 19; 08-1130-

JAD, Docket No. 19; 08-1132-JAD, Docket No. 23; 08-1133-JAD, Docket No. 28; and 08-1134-JAD,

Docket No. 22).

All of the motions to dismiss seek to dismiss the counts of each complaint which allege

breach of fiduciary duty to the Debtor and breach of fiduciary duty to the creditors because (1) the

00003338.WPD

counts are barred by the applicable statute of limitations, and (2) because the Complaint alleges

fraud which is not stated with the requisite specificity as required by Fed. R. Civ. P. 9(b).

The Court has considered the Motion To Dismiss and the briefs and responses filed thereto.

A Memorandum Opinion has been issued addressing the issues in the Motion To Dismiss in

Adversary No. 08-1122-JAD, and has been attached to this Order as Exhibit "A".  For the same

reasons specified in the Memorandum Opinion, the Court will deny the within Motion To Dismiss.

Defendant Elisha D. Cunningham shall have ten (10) days from the date of this Order to file an

answer to the complaint.

Dated:  **June 3, 2009**                                        __/s/ Jeffery A. Deller_____
                                                                **Jeffery A. Deller**
                                                                U.S. Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL COPY TO:**

      Counsel For Plaintiff
      Counsel For Defendants
      Office Of U.S. Trustee

# FILED

JUN 0 3 2009

**CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA**

00003338.WPD

**EXHIBIT A**

00003210.WPD

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 07-11344-JAD |
| O.E.M./ERIE, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| ———————————————— | X | |
| | ) | |
| O.E.M./ERIE, INC., by | ) | |
| JAMES A. SCHAFFNER AS PLAN | ) | Adversary No. 08-1122-JAD |
| ADMINISTRATOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Document No. 13 |
| v. | ) | |
| | ) | |
| ANGELA MCCALLUM, JOHN O'NEIL, | ) | |
| ELISHA D. CUNNINGHAM, JOSEPH | ) | |
| PASSEROTTI, and SUSAN | ) | |
| PASSEROTTI, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | X | |

Appearances:   Lawrence C. Bolla, Esq., and Nicholas R. Pagliari, Esq., for the Plaintiff
Patrick W. Carothers, Esq., for Defendant Elisha D. Cunningham

**MEMORANDUM OPINION**

The matter before the Court is *Defendant Elisha D. Cunningham's Motion To Dismiss Counts IV and V of Plaintiff's Complaint* ("Motion To Dismiss"). The above captioned Adversary Proceeding was commenced by the filing of a complaint by O.E.M./Erie, Inc., by James A. Schaffner as Plan Administrator (the "Plaintiff")

captioned *Complaint To Avoid And Recover Fraudulent Transfers, For Breach Of Fiduciary Duties, And Aiding And Abetting Breach Of Fiduciary Duties* (the "Complaint"). The Complaint consists of seven counts[1] all related to the alleged transfer of funds to, or for the benefit of, Angela McCallum. The only counts of the Complaint relevant to the Motion To Dismiss are Counts IV and V which allege that the shareholders and officers of the Debtor, including Elisha D. Cunningham, breached their fiduciary duties to the Debtor (Count IV) and the creditors (Count V) by allowing and/or directing the transfers to be made to Ms. McCallum.

Pursuant to the Motion To Dismiss, Defendant Elisha D. Cunningham ("Cunningham") seeks to have Counts IV and V dismissed because (1) the counts are barred by the applicable statute of limitations and (2) because the Complaint alleges fraud which is not stated with the requisite specificity as required by Fed. R. Civ. P. 9(b). The Plaintiff has responded to the Motion To Dismiss. In response to the statute of limitations defense, the Plaintiff has raised the equitable tolling doctrines of adverse domination and fraudulent concealment as well as the Bankruptcy Code's tolling provision under 11 U.S.C. § 108(a). The response also denies that Complaint alleges fraud, but states that even if the Complaint does allege fraud, the Complaint, as drafted, complies with Fed. R. Civ. P. 9(b). For the reasons that follow, the Court will deny the Motion To Dismiss.

I.

---

[1] The Complaint only consists of seven counts despite jumping from Count VI to Count IX.

In evaluating a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, as incorporated herein by Federal Rule of Bankruptcy Procedure 7012, the Court must assume the facts alleged in the Complaint to be true and draw all factual inferences in favor of the non-moving party. In re Loranger Mfg. Corp., 324 B.R. 575, 577-78 (Bankr. W.D.Pa. 2005) (citing Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991)).  In order for a complaint to survive a motion to dismiss, it must contain sufficient factual allegations, which if accepted as true, states a claim for relief that is plausible allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp.v. Twombly, 127 S.Ct. 1955 (2007)).

## II.

The underlying bankruptcy case was the result of an involuntary Chapter 11 filing on August 22, 2007, and a subsequent order for relief entered by the Bankruptcy Court on September 25, 2007.[2] Docket No. 1, ¶ 4;[3] see also Bankruptcy No. 07-11344-JAD, Docket Nos. 1 and 37.

The Second Amended Chapter 11 Plan dated February 1, 2008, was confirmed by order of this Court on March 18, 2008. Bankruptcy No. 07-11344-

---

[2] The Bankruptcy Case was originally assigned to the Honorable Thomas P. Agresti.  An order was signed on October 5, 2007 which transferred the bankruptcy case to the undersigned. (See Bankruptcy No. 07-11344-JAD, Docket No. 64).

[3] The Docket Numbers referenced in this Memorandum Opinion refer to the Docket of Adversary No. 08-01122-JAD unless otherwise specified.

JAD, Docket No. 185.  The confirmed plan provided for the Debtor, through the

Plan Administrator, to retain and enforce, *inter alia*, "[a]ny potential claim or cause

of action which the Debtor may have against John O'Neill and/or E. Donald

Cunningham and other Insiders (as that term is defined in Section 101(31) of the

Bankruptcy Code) of the Debtor including, but not limited to. . . breach of

fiduciary duty. . . ." Bankruptcy No. 07-11344-JAD, Docket No. 168, ¶ 13.8.[4]

Pursuant to the confirmed plan, the Plaintiff instituted the instant adversary

action by filing the Complaint with the Court on December 29, 2008. Docket No.

1.  Cunningham is a named defendant in the Complaint for the role he played as

president and the 51% shareholder of the Debtor in the alleged fraudulent

transfers to or for the benefit of Ms. McCallum.

As alleged in the Complaint, Ms. McCallum is the stepdaughter of John

O'Neill who is the vice president and 49% shareholder of the Debtor. Docket No.

1, ¶¶ 16 and 20.  During the two year look-back period for fraudulent transfers

under 11 U.S.C. § 548, the Complaint asserts that the Debtor made payments to

or for the benefit of Ms. McCallum totaling $33,678.07 for her health and

prescription benefits and the associated payroll taxes while she was a "phantom

employee" of the Debtor. Docket No. 1, ¶ 20.  The Court uses the term "phantom

employee" because according to the Complaint,  Ms. McCallum was an employee

in name only, and never  actually worked for the Debtor. Docket No. 1, ¶ 21.  Her

---

[4] This paragraph was placed into the Chapter 11 Plan to provide for the retention and
enforcement of claims of interest pursuant to 11 U.S.C. § 1123(b)(3)(B).

sole reason for being on the payroll of the Debtor was so that the Debtor would provide her with, and pay for her health insurance coverage. Docket No. 1, ¶ 21.

The Complaint includes a yearly breakdown of the payments that were made to, or for the benefit of Ms. McCallum from 2005 through 2007. Docket No. 1, Exhibit "A". The payments that were made to Ms. McCallum between 2005 and 2007 are divided into two categories: "Medical Payments" and "Payroll and Employer Payroll Taxes." Id. With the exception of 2005, the Medical Payments are further broken down into three sub-categories: medical payments that were paid by Highmark Insurance out of the Debtor's funded insurance plan ("medical payments"); the prescription payments that were paid by Highmark Insurance out of the Debtor's funded insurance plan ("prescription payments"); and the administrative charges for the medical payments that were paid ("administrative charges").[5] Id.

Specifically in regard to the medical expenses paid on behalf of Ms. McCallum, it is alleged that in 2005 Ms. McCallum received $11,492.72 for medical payments with $1,440.56 being paid for administrative charges. Docket No. 1, Exhibit "A". In 2006, it is alleged that Ms. McCallum received $5,911.94 for medical payments, $3,053.75 for prescription payments, and $855.20 was paid for the associated administrative charges. Id. It is further alleged that in 2007 there was $4,240.48 in medical payments paid, $3,709.30 in prescription

---

[5] There does not appear to be any prescription payments for Ms. McCallum in 2005.

payments paid, and $407.13 paid for administrative charges. Id.

Under the "Payroll and Employer Payroll Taxes", it is alleged that from 2005 through 2007, Ms. McCallum received paychecks from the Debtor totaling $2,384.2.[6] Docket No. 1, Exhibit "A". During the same time period, the Debtor allegedly paid $182.79 for Ms. McCallum's payroll taxes. Specifically the Complaint alleges that in 2005, Ms. McCallum's paychecks totaled $476.70 and the associated taxes were $72.51. Id. In 2006, she received paychecks in the amount of $1,205.26 and $68.74 was paid in payroll taxes. Id. In 2007 Ms. McCallum allegedly received $702.24 in paychecks and $41.54 was paid on her behalf for the associated payroll taxes. Id.

The Complaint further alleges that Cunningham, in his capacity as the President of the Debtor and its majority shareholder, knowingly participated in the fraudulent transfers to Ms. McCallum. Docket No.1, ¶ 24. Specifically the Complaint alleges that Cunningham "allowed and/or directed" the transfers to be made to Ms. McCallum. Docket No. 1, ¶ 24. In so doing, the Complaint contends that Cunningham breached his fiduciary duty to not only the Debtor, but also to the creditors. Docket No. 1, ¶¶ 39 - 50.

III.

Cunningham first contends that Counts IV and V of the Complaint, relating

---

[6] Ms. McCallum was being paid by the Debtor at a rate of $2.51 per hour according to the salary expense account which is cited to in Exhibit "A". Docket No. 1, Exhibit "A". The Debtor began paying her this amount to cover one half of her Cobra payment following her divorce. Id.

to breach of fiduciary duty, are barred by the applicable Pennsylvania statute of
limitations. The Plaintiff argues that the statute of limitations has been equitably
tolled through the doctrine of adverse domination and/or fraudulent concealment.
In addition, the Plaintiff argues that 11 U.S.C. § 108 would toll the statute of
limitations by two years.

The general rule is that in ruling on a motion to dismiss based upon statute
of limitations grounds, the Court must look only at the allegations contained in
the complaint. Bradley v. Conner, C.A. No. 07-1347,2007 WL 4241846 (W.D.Pa.
Nov. 29, 2007). As Cunningham correctly points out, though, the Complaint does
not address any equitable tolling principles as a means of tolling the statute of
limitations. However, both adverse domination and fraudulent concealment were
raised in response to the Motion To Dismiss, and courts, in ruling on motions to
dismiss, have taken into consideration equitable tolling principles not expressly
asserted in the complaint but raised in a response to a motion to dismiss. See In
re Loranger Mfg. Corp., *supra*, at 581 (court considered adverse domination theory
in ruling on motion to dismiss where plaintiff's reply to the motion to dismiss
asserted the "discovery rule" which, through the process of the proceedings,
metamorphosed into an adverse domination argument); see also In re Allou
Distributors, Inc., 387 B.R. 365 (Bankr. E.D.N.Y. 2008) (court considered the
equitable tolling principle of fraudulent concealment in ruling on a motion to
dismiss which was raised in the Trustee's supplemental memorandum of law); In

re Simpson, 334 B.R. 298 (Bankr. D.Mass. 2005) (court acknowledged trustee's equitable tolling argument that was made in response to a motion to dismiss); In re Sheffield Steel Corp., 320 B.R. 405 (Bankr. N.D.Okla. 2004) (court considered equitable tolling which was asserted as defense to statute of limitations argument in motion to dismiss).

### A.

A cause of action for breach of a fiduciary duty is governed by Pennsylvania's two year statute of limitations. 42 Pa.C.S. § 5524(7); see also Maillie v. Greater Delaware Valley Health Care, Inc., 628 A.2d 528 (Pa.Cmwlth. 1993).  As a general matter, a statute of limitations will begin to run as soon as the underlying cause of action accrues. Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468 (Pa. 1983).  In certain circumstances though, due to no fault of their own, a party may not become aware of an injury until after a statute of limitations has lapsed.  A strict interpretation of a statute of limitations in those circumstances would produce an inequitable result by allowing the wrongdoer to avoid liability simply based on a technicality which happened to be out of the control of the injured party.

To address these inequitable results, courts have developed a number of different tolling principles to counter the "'sometimes harsh effects' of the statute of limitations." In re Reading Broadcasting, Inc., 390 B.R. 532, 552 (Bankr. E.D.Pa. 2008) (quoting Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991) (quoting

Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. 1984) (en banc))).  In the context of a cause of action for breach of fiduciary duty, courts have applied Pennsylvania's equitable tolling principles in certain circumstances. See Wise v. Mortgage Lenders Network USA, Inc., 420 F.Supp.2d 389 (E.D.Pa. 2006).  In addition, the Pennsylvania Supreme Court has recognized the equitable tolling doctrines of the discovery rule[7] and fraudulent concealment.[8]

The Plaintiff asserts that the statute of limitations for breach of fiduciary duty claims have been tolled by, *inter alia*, the doctrine of adverse domination. The concept of adverse domination is an equitable tolling doctrine that will allow for the statute of limitations to be tolled where the corporate entity is controlled by the alleged wrongdoers. In re Reading Broadcasting, Inc., 390 B.R. at 552 (quoting Resolution Trust Corp. v. Farmer, 865 F.Supp. 1143, 1151 (E.D.Pa. 1994); see also ; In re Marvel Entertainment Group, Inc., 273 B.R. 58, 74 (D.Del. 2002); In re MacGregor Sporting Goods, Inc., 199 B.R. 502, 515 (Bankr. D.N.J. 1995).  "The rationale behind the adverse domination doctrine is premised upon the principle that officers and directors who have harmed the entity cannot be expected to take legal action against themselves." Freeland v. Enodis Corporation, 540 F.3d 721, 741 (7th Cir. 2008) (quoting Resolution Trust Corp. v. O'Bear, Overholser, Smith & Huffer, 840 F.Supp. 1270, 1284 (N.D.Ind. 1993)).

---

[7] Ayers v. Morgan, 154 A.2d 788 (Pa. 1959).

[8] Fine v. Checcio, 870 A.2d 850 (Pa. 2005).

While Pennsylvania has recognized various tolling principles to permit a cause of action that may otherwise be prohibited under the applicable statute of limitations, the concept of adverse domination has not yet been utilized by the state courts of Pennsylvania.

Despite the lack of authority, federal courts have assumed that adverse domination is a viable equitable tolling principle in Pennsylvania. See In re Reading Broadcasting, Inc., *supra*; In re Magnesium Corp. Of America, 399 B.R. 722 (Bankr. S.D.N.Y. 2009); In re Adelphia Communications Corp., 365 B.R. 24 (Bankr. S.D.N.Y. 2007); In re Norstan Apparel Shops, Inc., 367 B.R. 68 (Bankr. E.D.N.Y. 2007); In re Loranger Mfg. Corp., *supra*; In re Sverica Acquisition Corp., Inc., 179 B.R. 457 (Bankr. E.D.Pa. 1995); In re Harry Levin, Inc., 175 B.R. 560 (Bankr. E.D.Pa. 1994); Resolution Trust Corp. v. Farmer, 865 F.Supp. 1143 (E.D.Pa. 1994); In re Lloyd Securities, Inc., 153 B.R. 677 (E.D.Pa. 1993).  The basis for this determination stems from the similarity between the "discovery rule" (which has already been accepted by the Pennsylvania Supreme Court)[9] and the doctrine of adverse domination.  The courts view "adverse domination" merely as the corporate equivalent of the discovery rule. See Resolution Trust Corp. v. Farmer, 865 F.Supp. at 1154 n.11 (E.D.Pa. 1994) (citing cases from Pennsylvania, Indiana, and Florida which found adverse domination to be a corollary of the discovery rule).

---

[9] See Ayers v. Morgan, *supra*.

This Court agrees with the courts referenced above and concludes that the adverse domination theory is applicable to equitably toll the statute of limitations for a cause of action based upon Pennsylvania state law claims. Allowing adverse domination to toll the statute of limitations makes particular sense in a closely held corporation context (as with the Debtor) where there may only be a few shareholders who also act as the corporate entity's officers and directors. If all the shareholders/officers and directors in the closely held corporation engaged in some activity that harmed the corporate entity, there would be no one left to protect the interests of the corporation. The culpable individuals may then be able to continuously engage in activities that harm not only the corporation, but also the corporation's creditors while escaping liability.

Fraudulent concealment, on the other hand, unlike adverse domination, has been embraced by the Supreme Court of Pennsylvania. See Fine v. Checcio, 870 A.2d 850, 860 (Pa. 2005) ("the doctrine of fraudulent concealment serves to toll the running of the statute of limitations"). This doctrine serves to toll the statute of limitations where the wrongdoer has taken some step to deceive, either intentionally or unintentionally, so that the plaintiff is not aware of the injury until after the statute of limitations has lapsed. Id. Since fraudulent concealment is a recognized doctrine to equitably toll the statute of limitations, it is a viable defense to Cunningham's statue of limitations argument.

However, in the matter *sub judice* the issue of whether the statute of

limitations has been tolled by adverse domination and/or fraudulent concealment is not an issue that this Court can decide in a motion to dismiss. Both equitable tolling doctrines raise various questions of material fact, and any determination of the merits of these defenses would be premature in a motion to dismiss context. See In re Reading Broadcasting, Inc., 390 B.R. 532, 553 (Bankr. E.D.Pa. 2008) (the court would have to consider numerous issues of material fact which would be improper in a motion to dismiss context); In re Norstan Apparel Shops, Inc., 367 B.R. 68, 83 (Bankr. E.D.N.Y. 2007) (questions of fact exist in applying the adverse domination doctrine and thus it is inappropriate to grant the defendants' motion to dismiss); In re Farmland Industries, Inc., 335 B.R. 398, 405 n.15 (application of adverse domination requires a fact intensive inquiry which is not proper on a motion to dismiss); In re Loranger Manufacturing Corporation, *supra*, at 581-582 (Bankr. W.D.Pa. 2005) (the court refused to rule on the adverse domination theory and only noted that it was a proper objection to the statute of limitations defense); In re MacGregor Sporting Goods, Inc., 199 B.R. 502, 516 (tolling principles of fraudulent concealment and adverse domination involve questions of fact which cannot be resolved as a matter of law on a motion to dismiss). For example, in order for fraudulent concealment to toll the statute of limitations, the adjudication of whether Cunningham concealed his alleged wrongdoings is a fact sensitive issue that cannot be determined based on the Complaint alone. Likewise, for the doctrine of adverse domination to be

applicable, a factual determination must be made as to whether Cunningham was actually in control of the corporation.[10]

Moreover, the Third Circuit Court of Appeals has clearly stated that all that is required to defeat a motion to dismiss is that the plaintiff plead the doctrine of equitable tolling. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 (3d Cir. 1994). As a result, Counts IV and V of the Complaint will not be dismissed at this time.

B.

In addition to the equitable tolling principles referenced above, the Plaintiff also contends that the statute of limitations has been tolled by way of 11 U.S.C. § 108(a). Section 108(a) of the Bankruptcy Code states that:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

11 U.S.C. § 108(a). Thus, if at the time the bankruptcy petition is filed the statute

---

[10] These are merely examples of factual issues, but there may very well be other factual issues that also have to be addressed to make a determination as to whether the statute of limitations has been equitably tolled.

of limitations on a cause of action has not yet lapsed, 11 U.S.C. § 108(a) gives the trustee the ability to still bring suit on that cause of action by tolling that statute of limitations for a period of two years after the order for relief is entered. See In re Fruehauf Trailer Corp., 250 B.R. 168, 185 (D.Del. 2000). Since 11 U.S.C. § 1107 vests with the Chapter 11 debtor all of the rights and powers of a trustee (except the right to compensation), courts have held that a Chapter 11 debtor-in-possession has the same rights as the trustee under 11 U.S.C. § 108(a). See Coliseum Cartage Co., Inc. v. Rubbermaid Statesvill, Inc., 975 F.2d 1022 (4th Cir. 1992); Roach v. Option One Mortg. Corp., 598 F.Supp.2d 471, n.23 (E.D.Va. 2009); North Penn Transfer, Inc. v. Victaulic Co. Of America, 859 F.Supp. 154 (E.D.Pa. 1994).

In the instant matter, the Debtor, through the Plan Administrator, has brought a cause of action against Cunningham for, *inter alia*, breach of fiduciary duty. The statute of limitations for a breach of fiduciary duty cause of action is two years under Pennsylvania law. See 42 Pa.C.S. § 5524(7). Ordinarily, the statute of limitations for a breach of fiduciary duty occurring on September 25, 2005 would expire on September 25, 2007. However, since the order for relief was entered in this case on September 25, 2007, 11 U.S.C. § 108(a) extended the statute of limitations to September 25, 2009.[11] Since this adversary was filed on

---

[11] Both the Plaintiff and Cunningham contend that the order for relief was entered on August 22, 2005. However, in an involuntary petition, as is the case here, the order for relief does not occur on the petition date. See 11 U.S.C. § 303(h).

December 29, 2008, the counts of the Complaint relating to breach of fiduciary duty have been timely filed to the extent that they are for breaches of fiduciary duty that occurred on or after September 25, 2005.[12]

The Court also notes that Cunningham takes issue with the fact that the Complaint only refers to years in which the alleged transfers took place, and not necessarily to specific dates that the alleged transfers occurred. See Docket No. 19; Docket No. 1, Exhibit "A". For example, the Complaint alleges that Ms. McCallum received $11,492.72 in medical payments in 2005. To the extent that the Complaint does not contain specific dates, those dates are certainly ascertainable through the discovery process, and the Court does not consider standard discovery in a lawsuit to be unduly burdensome. Under the circumstances of this case, the years identified are sufficient to withstand a motion to dismiss. Therefore, the Court will not dismiss Counts IV and V simply because they do not contain specific dates.

## IV.

Cunningham lastly asserts that the counts of the Complaint indicating Cunningham's breach of fiduciary duty are based upon fraud, and the Plaintiff has not met the heightened pleading requirements for fraud under Fed. R. Civ. P. 9(b). Specifically, Cunningham points to paragraph 24 of the Complaint where the Plaintiff asserts that "[u]pon information and belief, O'Neill, Cunningham and J.

---

[12] This analysis does not take into consideration any of the equitable tolling doctrines discussed above, and is looking at the effect of 11 U.S.C. § 108(a) in isolation.

Passerotti knowingly participated in the fraud and facilitated the Transfers. . ."
Docket No. 1, ¶ 24.

Under Rule 9(b), any party alleging fraud "must state with particularity the
circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Particularity
requires the plaintiff to interject some degree of precision and substantiation into
the allegations. Ford Motor Credit Co. v. Chiorazzo, 529 F.Supp.2d 535, 538-539
(D.N.J. 2008). This "heightened pleading standard gives defendants notice of the
claims against them, provides an increased measure of protection for their
reputations, and reduces the number of frivolous suits brought solely to extract
settlements." In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410,
1418 (3d Cir. 1997).

When fraud is alleged in an adversary proceeding, Rule 9(b) is made
applicable by way of Fed. R. Bankr. P. 7009. However, there is greater liberality
for pleading fraud in a bankruptcy case. See In re Global Link Telecom Corp., 327
B.R. 711, 717 (Bankr. D.Del. 2005) (quoting Hassett v. Zimmerman (In re O.P.M.
Leasing Servs., Inc., 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983), and citing to
Scharffenberger v. Philadelphia Health Care Trust (In re Allegheny Health, Educ.,
and Research Found.), 253 B.R. 157, 162 n.2 (Bankr. W.D.Pa. 2000)). Flexibility
in the heightened pleading standard of Fed. R. Civ. P. 9(b) is "required because it
is often the Trustee, a third party outsider to the fraudulent transaction, that
must plead fraud on second hand knowledge for the benefit of the estate and all

of its creditors." Id., (citing Zimmerman, 32 B.R. at 203).  In the matter *sub judice*

the Plan Administrator is the Plaintiff, and thus the more lax pleading requirement

for fraud would appear to be applicable.

The Complaint, however, does not expressly allege that Cunningham should

be liable for fraud, but rather for breach of fiduciary duties.  This Court does not

view the allegations of the Complaint relating to Cunningham's alleged breach of

fiduciary duty to be based on fraud.  The statement in the Complaint referencing

"fraud" is not being used in the legal sense, but merely as a lay word to emphasize

and highlight the wrongdoings of the alleged transfers.  Moreover, "the Rule 9(b)

heightened pleading requirement generally does not apply to state law claims of

breach of fiduciary duty. . ." In re Fruehauf Trailer Corp., 250 B.R. 168, 197

(D.Del. 2000). However, to the extent that fraud is the underlying cause of action

to the state law claim, then the allegations in the Complaint should comply with

Fed. R. Civ. P. 9(b). Id., at 198.

Even if this Court were to agree with Cunningham that the counts of the

Complaint relating to Cunningham's breach of fiduciary duty were based upon

fraud and thus subject to the heightened pleading requirements of Rule 9(b), the

Court notes that the Plaintiff has stated sufficient facts with the necessary

particularity to satisfy Fed. R. Civ. P. 9(b).

For example, the Complaint asserts that Cunningham was a majority

shareholder, officer and director of the Debtor, and owed the Debtor and creditors

a fiduciary duty. Docket No. 1, ¶¶ 16, 43, and 49.  The Complaint alleges that in

the years 2005, 2006, and 2007 the Debtor made transfers to or for the benefit of

Ms. McCallum for her health care expenses even though Ms. McCallum was not

really an employee of the Debtor. Docket No. 1, ¶ 20-21; Docket No. 1, Exhibit "A".

The exact dollar amount of the transfers made to Ms. McCallum is specified in the

Complaint for each year, and for each type of transfer.  See Docket No. 1, Exhibit

"A".  The Complaint goes on to state that Cunningham allowed and/or directed

those transfers to be made. Docket No. 1,¶¶ 44 and 50.  The Complaint then

alleges that these transfers, which were made through the allowance and/or

direction of Cunningham, were done while the Debtor was in the zone of

insolvency. Docket No. 1, ¶ 49.  Finally the Complaint states that as a result of

Cunningham allowing and/or directing these transfers to be made, the Debtor and

its creditors suffered a harm. Docket No. 1, ¶¶ 44 and 50.

This Court has stated that the heightened pleading requirement under Fed.

R. Civ. P. 9(b) requires the plaintiff to specifically identify the time, place, and

substance of the defendant's fraudulent conduct. See In re Balko, 348 B.R. 684,

694 (Bankr. W.D.Pa. 2006) (internal citations omitted).  The above referenced

statements in the Complaint specifically identify when the conduct occurred, the

place of the conduct, and substance of the conduct.

The Court therefore holds that to the extent that fraud is the underlying

cause of action, the Plaintiff has pled the Complaint with sufficient specificity to

satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).

V.

For all of the foregoing reasons, the Court will enter an order simultaneously

with this Memorandum Opinion which denies the Motion To Dismiss and requires

Defendant Cunningham to file an answer to the Complaint within 10 days.

*[Remainder of Page Left Intentionally Blank]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 07-11344-JAD |
| O.E.M./ERIE, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| ─────────────────────── X | ) | |
| | ) | |
| O.E.M./ERIE, INC., by | ) | |
| JAMES A. SCHAFFNER AS PLAN | ) | Adversary No. 08-1122-JAD |
| ADMINISTRATOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Document No. 13 |
| v. | ) | |
| | ) | |
| ANGELA MCCALLUM, JOHN O'NEIL, | ) | |
| ELISHA D. CUNNINGHAM, JOSEPH | ) | |
| PASSEROTTI, and SUSAN | ) | |
| PASSEROTTI, | ) | |
| | ) | |
| Defendants. | ) | |
| ─────────────────────── X | ) | |

**ORDER**

**AND NOW** this **3rd** day of **June**, **2009**, and in consideration of Defendant Elisha D.

Cunningham's Motion To Dismiss Counts IV and V of the Plaintiff's Complaint ("Motion To

Dismiss") and the response filed thereto, the Court **HEREBY ORDERS ADJUDGES AND DECREES**

as follows:

    1. The Motion To Dismiss is **DENIED**.

    2. Defendant Elisha D. Cunningham shall have ten (10) days from the date of this Order
to file an answer to the Complaint.

Dated:   **June 3, 2009**               /s/ Jeffery A. Deller
                                   **JEFFERY A. DELLER**
                                   U.S. Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL COPY TO:**

        Counsel For Plaintiff
        Counsel For Defendant
        Office Of U.S. Trustee

00003210.WPD

00003210.WPD